Opinion issued July 16, 2026



In The

# Court of Appeals

For The

# First District of Texas

————————————

## NO. 01-25-00910-CV

————————————

**CITY OF HOUSTON, Appellant**

**V.**

**JOE MARTINEZ, Appellee**

---

**On Appeal from the 333rd District Court**
**Harris County, Texas**
**Trial Court Case No. 2025-50040**

---

## MEMORANDUM OPINION

The City of Houston appeals the trial court's denial of its motion to dismiss under Texas Rule of Civil Procedure 91a. The City asserted that appellee Joe Martinez failed to plead facts regarding the statutory, jurisdictional requirement to give notice of his claim. Martinez relies on his amended petition and his response

to the City's motion to dismiss. Because we agree that Martinez failed to plead facts alleging a waiver of the City's immunity, we reverse the trial court's order and render judgment dismissing Martinez's claims against the City.

## Background

Martinez sued the City and its employee alleging physical injury and property damage from a collision between a City-owned truck that backed into his vehicle. The City moved to dismiss under Rule 91a asserting that Martinez failed to plead a waiver of governmental immunity or compliance with the notice of claim requirement. Martinez amended his petition, voluntarily nonsuiting all causes of action against the City employee. He also added a statement regarding waiver of governmental immunity.

In the amended petition, which is his live pleading, Martinez alleged:

### Facts

4.1    On or about September 01, 2023, Plaintiff was in the 300 block of Sylvester in lane #1, and was parked behind Mr. McCormick, who was driving Defendant City of Houston's truck, while within the course and scope of his employment. Mr. Martinez was parked behind Mr. McCormick, waiting for him to go. Defendant inexplicably, and with total disregard started to back up! Mr. Martinez was honking and honking, which is corroborated by Witness Israel Cadengo's statement in the Police Report. Mr. McCormick was cited by investigating officer N. Duval, of the Houston Police Department, for "Backed Without Safety". Mr. McCormick, Defendant City of Houston's employee, failed to exercise reasonable care and such failure proximately caused the collision in question. Defendant's failure to exercise reasonable care caused Plaintiff's damages.

2

4.2   Plaintiff brings her [sic] cause of action against Defendant City of Houston pursuant to the Texas Tort Claims Act. Tex. Civ. Prac. & Rem. Code § 101.021(a).

Martinez also alleged that the City employee committed a laundry list of allegedly negligent actions including failing to keep a proper lookout and failing to back up safely. Martinez added a heading, "TEXAS TORT CLAIMS ACT," and numbered paragraph 5.4, restating: "Plaintiff brings her [sic] cause of action against Defendant City of Houston pursuant to the Texas Tort Claims Act. Tex. Civ. Prac. & Rem. Code § 101.021(a)." Martinez alleged that he "suffered serious injuries, [and] will likely sustain additional damages in the future . . . ." He included a list of ten types of damages that he sought, including physical pain and property damage, which he alleged would exceed $1 million.

Martinez filed a separate response to the City's Rule 91a motion to dismiss. He argued that the addition of statutory language regarding the waiver of immunity under the TTCA mooted the City's argument about his failure to plead a waiver of immunity. He also argued that the City's challenge to his failure to plead compliance with the notice of claim requirement was "disingenuous." Martinez wrote: "On September 09, 2023, Plaintiff's notice of claim was sent to Defendant City Secretary's office. Exhibit A. However, again, Plaintiff has amended its [sic] petition to include this information." No exhibits are attached to Martinez's response.

3

The City filed a second Rule 91a motion to dismiss. The City reasserted that Martinez did not plead facts to demonstrate that he provided the City with notice of claims within 90 days of the collision, and that, as a matter of law, there is no statutory waiver of immunity for costs of court.

Martinez did not respond to the City's second Rule 91a motion to dismiss, and he did not amend his pleading. The trial court denied the motion as to the failure to plead facts regarding the notice of claim requirement "as actual notice is alleged by plaintiff." The City then filed this interlocutory appeal.

## Analysis

On appeal, the City raises two issues challenging the trial court's ruling because Martinez did not plead sufficient facts to allege a waiver of the City's immunity.

### I. We review a governmental entity's assertion of immunity in a Rule 91a motion de novo.

A plaintiff has the burden to establish the trial court's subject-matter jurisdiction. *Heckman v. Williamson Cnty.*, 369 S.W.3d 137, 150 (Tex. 2012). That burden includes an obligation to show a waiver of sovereign or governmental immunity in suits against the State and its political subdivisions, including cities. *Town of Shady Shores v. Swanson*, 590 S.W.3d 544, 550 (Tex. 2019); *see City of San Antonio v. Maspero*, 640 S.W.3d 523, 528 (Tex. 2022) (governmental entities like City of Houston are immune from suit unless immunity clearly and

4

unambiguously waived by state law). The Texas Tort Claims Act provides a limited waiver of governmental immunity, including a waiver for the negligent use or operation of a motor vehicle in certain circumstances. *See* TEX. CIV. PRAC. & REM. CODE § 101.021(1); *Rattray v. City of Brownsville*, 662 S.W.3d 860, 871 (Tex. 2023).

**A.    A plaintiff relying on TTCA's waiver of immunity must satisfy the statutory notice of claim requirement.**

"To secure the TTCA's limited waiver of governmental immunity, claimants must timely provide 'notice of a claim' to the governmental unit." *Reyes v. Jefferson Cnty.*, 601 S.W.3d 795, 797–98 (Tex. 2020) (citing TEX. CIV. PRAC. & REM. CODE §§ 101.025, .101). A claimant relying on this waiver must notify the governmental entity of the negligent acts not later than six months after the day of the incident at issue (or sooner if a city has abbreviated the time for notice in its charter). TEX. CIV. PRAC. & REM. CODE § 101.101(a), (b). The required "notice must reasonably describe the injury, the time and place of the incident, and the incident itself," unless the governmental unit has actual notice of the injury. *Univ. of Tex. Sw. Med. Ctr. at Dallas v. Estate of Arancibia*, 324 S.W.3d 544, 546 (Tex. 2010); *see* TEX. CIV. PRAC. & REM. CODE § 101.101(a). Because notice "is a jurisdictional requirement in all suits against a governmental unit," *City of Dallas v. Carbajal*, 324 S.W.3d 537, 537–38 (Tex. 2010) (citing TEX. GOV'T CODE § 311.034), a plaintiff must plead and prove facts showing that he complied with

5

the notice requirement or that the governmental entity had timely actual notice.[1]
*See City of Houston v. Tapia*, No. 01-25-00016-CV, 2025 WL 3275141, at *5 (Tex. App.—Houston [1st Dist.] Nov. 25, 2025, no pet.) (mem. op.).

### B. A plaintiff must plead facts to establish a waiver of governmental immunity in order to survive a Rule 91 motion to dismiss.

A governmental entity may challenge the court's jurisdiction in a Rule 91a motion to dismiss alleging that the plaintiff's claims have no basis in law because the plaintiff has failed to plead a valid waiver of immunity. *See* TEX. R. CIV. P. 91a1; *City of Houston v. Page*, No. 01-24-00329-CV, 2025 WL 1688425, at *3 (Tex. App.—Houston [1st Dist.] June 17, 2025, pet. denied) (mem. op.) (explaining Rule 91a procedure). We review a trial court's ruling on a Rule 91a motion de novo. *Bethel v. Quilling, Selander, Lownds, Winslett & Moser, P.C.*, 595 S.W.3d 651, 654 (Tex. 2020). In doing so, we may not consider evidence "and must decide the motion based solely on the pleading of the cause of action, together with any pleading exhibits permitted by Rule 59."[2] TEX. R. CIV. P. 91a.6;

---

[1] The plaintiff must also plead facts that satisfy the TTCA provisions waiving immunity and facts that negate relevant provisions of the TTCA that create exceptions to the waiver of immunity. *Rattray v. City of Brownsville*, 662 S.W.3d 860, 866–67 (Tex. 2023).

[2] Rule 59 provides:

Notes, accounts, bonds, mortgages, records, and all other written instruments, constituting, in whole or in part, the claim sued on, or the matter set up in defense, may be made a part of the pleadings by copies thereof, or the originals, being attached or filed and referred to as such, or by copying the same in the body of the

*In re Farmers Tex. Cnty. Mut. Ins. Co.*, 621 S.W.3d 261, 266 (Tex. 2021). We construe the pleadings liberally in favor of the plaintiff, look to the plaintiff's intent, and accept as true the factual allegations in the pleadings to determine if the cause of action has a basis in law or fact. *Page*, 2025 WL 1688425, at \*3 (setting forth Rule 91a requirements).

## II. Martinez failed to plead facts showing compliance with the notice of claim requirement or that the City had actual notice.

The City argues that Martinez's failure to plead facts that show he satisfied the notice of claim requirement should result in dismissal of his claims. In this case, Martinez was required to provide notice of claim to the City within 90 days of the collision because the City has altered the time for providing the statutory notice by adoption of a provision in its charter.[3] *See* TEX. CIV. PRAC. & REM. CODE

---

pleading in aid and explanation of the allegations in the petition or answer made in reference to said instruments and shall be deemed a part thereof for all purposes. Such pleadings shall not be deemed defective because of the lack of any allegations which can be supplied from said exhibit. No other instrument of writing shall be made an exhibit in the pleading.

TEX. R. CIV. P. 59.

[3] The City's charter reduces the notice provision to 90 days:

Before the City of Houston shall be liable for damages for personal injuries of any kind, or for injuries to or destruction of property of any kind, the person injured, or the owner of the property injured or destroyed, or some one [sic] in his behalf, shall give the Mayor and City Council notice in writing of such injury or destruction, duly verified, within ninety days after the same has been sustained, ... and a failure to so notify the Mayor and

7

§ 101.101(a) (providing that governmental entity entitled to notice within six months of incident); Houston, Tex., City Charter art. IX, § 11 (1913) (providing that notice must be provided within 90 days); *see also City of Houston v. Torres*, 621 S.W.2d 588, 590 (Tex. 1981) (explaining that Houston is home rule city authorized to include notice of claim requirements in city charter); *City of Houston v. Wilson*, No. 01-22-00796-CV, 2023 WL 5615817, at *4 (Tex. App.—Houston [1st Dist.] Aug. 31, 2023, no pet.) (mem. op.) (explaining that Houston charter reduces notice period to 90 days).

The notice must "reasonably describe: (1) the damage or injury claimed; (2) the time and place of the incident; and (3) the incident." Tex. Civ. Prac. & Rem. Code § 101.101(a). "Formal notice under subsections (a) and (b) is the general rule," *Wilson*, 2023 WL 5615817, at *4, however, the Legislature included an exception in subsection (c), providing that the formal notice requirement does not apply "if the governmental unit has actual notice that death has occurred, that the claimant has received some injury, or that the claimant's property has been damaged." Tex. Civ. Prac. & Rem Code 101.101(c). The Supreme Court of Texas has held that, in keeping with the purpose of the notice requirement, "actual notice to a governmental unit requires knowledge of (1) a death, injury, or property

---

City Council within the time and manner specified herein shall exonerate, excuse and exempt the City from any liability whatsoever[.]

Houston, Tex., City Charter art. IX, § 11 (1913).

8

damage; (2) the governmental unit's alleged fault producing or contributing to the death, injury, or property damage; and (3) the identity of the parties involved." *Cathey v. Booth*, 900 S.W.2d 339, 341 (Tex. 1995). But "[w]hen the facts do not even *imply* the governmental unit's fault, they are legally insufficient to provide actual notice." *Worsdale v. City of Killeen*, 578 S.W.3d 57, 64 (Tex. 2019); *see City of Dallas v. Carbajal*, 324 S.W.3d 537, 539 (Tex. 2010) (holding that police report was "routine safety investigation" that "did not even imply, let alone expressly state, that the City was at fault," and it did not provide city with actual notice).

Here, the first amended petition, which is Martinez's live pleading, does not allege any facts regarding the provision of a notice of claim to the City. Because our review of a ruling on a Rule 91a motion to dismiss is limited to the pleadings, we can not consider statements made in Martinez's response to the motion.

In addition, we disagree with the trial court's statement that actual notice was alleged in the petition. The petition alleged that a City police officer cited the City employee for backing up his vehicle "without safety." But the petition did not allege that the City had actual notice of death, injury, property damage, or the City's alleged fault in producing or contributing to death, injury, or property damage. *See* TEX. CIV. PRAC. & REM CODE 101.101(c); *Worsdale*, 578 S.W.3d at 64. The facts alleged amount to no more than a routine safety investigation that did

not even imply that the City was at fault for death, injury, or property damage. *See Worsdale*, 578 S.W.3d at 64; *Carbajal*, 324 S.W.3d at 539.

We conclude that Martinez's petition did not allege facts showing compliance with section 101.101, the jurisdictional notice provision. *See* TEX. CIV. PRAC. & REM CODE 101.101. Accordingly, Martinez has not pleaded facts sufficient to allege a valid waiver of the City's governmental immunity. We hold that the trial court erred by denying the City's Rule 91a motion to dismiss.

## Conclusion

We reverse the trial court's order denying the City's Rule 91a motion to dismiss, and we render judgment dismissing Martinez's claims against the City.

Justice Susanna Dokupil

Panel consists of Justices Caughey, Johnson, and Dokupil.